UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIE W.,

                          Plaintiff,

v.                                                    1:19-CV-1053
                                                                           (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 DENNIS CANNING, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   FRANCIS TANKARD, ESQ.
  Counsel for Defendant                            JOSHUA SUMMER, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1970. (T. 228.) She completed high school. (T. 232.) Generally, Plaintiff's alleged disability consists of right-hand injury, chronic pain, and anxiety. (T. 231.) Her alleged disability onset date is July 24, 2014. (T. 228.) Her date last insured is December 31, 2016. (*Id*.) Her past relevant work consists of mixer blending machine feeder, spooling machine operator, and printing machine operator. (T. 22.)

### B. Procedural History

On April 14, 2016, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 117.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 29, 2018, Plaintiff appeared before the ALJ, Timothy Belford. (T. 29-59.) On September 12, 2018, ALJ Belford issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-28.) On June 12, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-24.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2016 and Plaintiff had not engaged in substantial gainful activity since July 24, 2014. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of: right epicondylar elbow pain, right neuralgia interosseous nerve

with permanent contracture of the last three fingers of right hand; and, mild lumbar disc disease.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b); except:

> [Plaintiff] could lift or carry no more than five pounds with the right upper extremity.  Additionally, [Plaintiff] could frequent[ly] push or pull hand controls with the right upper extremity [,] but could no more than occasionally handle or finger with the same.  Further, [Plaintiff] is limited to frequent reaching with the right upper extremity and must have no more than occasional exposure to pulmonary irritants such as fumes, dusts and gasses.

(*Id*.)[1]  Fifth, the ALJ determined Plaintiff unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 22-24.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ impermissibly developed the RFC finding based on his own lay opinion after rejecting the only two medical opinions relating to Plaintiff's physical limitations, resulting in an RFC finding not supported by substantial evidence.  (Dkt. No. 7 at 17-21.)  Second, and lastly, Plaintiff argues the ALJ failed to

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).

fulfill his affirmative duty to develop the record when he failed to obtain an opinion from a consultative examiner or treating source after rejecting the opinions of record relating to Plaintiff's physical limitations. (*Id*. at 21-23.) Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 15.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly developed the record. (Dkt. No. 14 at 17.) Second, and lastly, Defendant argues the ALJ properly evaluated Plaintiff's allegedly disabling physical impairments and the medical evidence, and the ALJ's determination was supported by substantial evidence. (*Id*. at 18-25.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation

process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues it was "unclear how the ALJ arrived at the particular limitations relating to Plaintiff's right elbow and hand impairments in the RFC finding." (Dkt. No. 7 at 10.)  Plaintiff asserts, "[w]ithout a controlling medical opinion or treatment notes to support his RFC determination, the ALJ impermissibly used his lay evaluation of the record and determined that Plaintiff could frequently push and pull hand controls, and frequently reach with her right upper extremity." (*Id*. at 21.)[2]

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden

---

[2]   Plaintiff does not assert the ALJ erred in his determination Plaintiff could perform the exertional demands of light work, such as walk, standing, and sitting.  (Dkt. No. 7.)

6

is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

"[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity."  *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020) (internal citations omitted).  Further, the Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Indeed, the ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  Because "the limitations found by the ALJ bore an obvious and common-sense relationship to [Plaintiff's] severe impairments, and were not contradicted by objective examination findings of record," the ALJ did not substitute his own lay judgement in formulating an RFC.  *Michael J. v. Saul*, No. 19-CV-6748L, 2020 WL 7263531, at *3 (W.D.N.Y. Dec. 9, 2020).

In assessing Plaintiff's RFC, the ALJ considered the record as a whole and substantial evidence supported the ALJ's determination. The ALJ concluded the record supported occasional use of the right upper extremity and right hand. (T. 20.) First, although the ALJ's RFC did not mirror a specific opinion in the record, the ALJ considered the opinions in the record and afforded them "partial weight." (T. 21.) The record contains the opinion of acceptable medical source, consultative examiner, Hongbiao Liu, M.D. and a functional capacity evaluation ("FCE") completed by a non-acceptable medical source, consultative physical therapist Sammy Iraci. (*Id.*) Second, the ALJ relied on numerous treatment notations in the record. Third, and lastly, the ALJ relied on other evidence in the record, such as Plaintiff's statements to providers and testimony.

On May 18, 2016, Dr. Liu examined Plaintiff, reviewed an x-ray of Plaintiff's right hand, and provided a medical source statement. (T. 294-298.) In relevant part, Dr. Liu observed Plaintiff had full range of motion in her shoulders, elbows, forearms, and left wrist. (T. 296.) He observed Plaintiff's right wrist dorsiflexion 50 degrees, palmar flexion 10 degrees, radial deviation 5 degrees, and ulnar deviation 5 degrees. (*Id.*) He observed Plaintiff's hand and finger dexterity was "intact," her right-hand grip strength was 4/5 and her left-hand grip strength was 5/5. (*Id.*) He observed her right hand third, fourth and fifth fingers were kept in a flexion position at 90 degrees with no extension, with moderate limitation to zip, button, and tie with the right hand, but left side was normal. (*Id.*) Dr. Liu opined Plaintiff had "moderate" limitation for lifting, carrying, and overhead reaching with the right hand. (T. 297.) He also opined Plaintiff had

"moderate" limitation for fine manipulation with the right hand to zip, button, and tie. (*Id*.)

In August 2018, over two years after Plaintiff's date last insured, Ms. Iraci administered an FCE. (T. 1270-1279.) In general, opinions rendered well after a plaintiff's date last insured may be of little, or no, probative value regarding plaintiff's condition during the relevant time period. *See Williams v. Colvin*, 98 F. Supp. 3d 614, 632 (W.D.N.Y. 2015) (the ALJ was not required to consider medical opinions outside of the relevant time period). Further, Ms. Iraci is not an acceptable medical source. There are five categories of "acceptable medical sources." 20 C.F.R. § 404.1513(a). Physical therapists are not included within those categories, physical therapists are "other medical sources," whose opinion may be considered as to the severity of a plaintiff's impairment and ability to work, but their conclusions are not entitled to any special weight. *Id*. § 404.1513(d)(1). Despite the timing of Ms. Iraci's opinion and her status as an "other source," the ALJ considered her opined limitations in formulating his RFC.

Ms. Iraci concluded Plaintiff could perform a full range of sedentary work. (T. 1270.) She opined Plaintiff could occasionally: lift 10 pounds; shoulder lift 15 pounds; overhead lift 10 pounds; unilateral lift seven pounds; bilateral carry 20 pounds; unilateral carry seven pounds; and push/pull 25 horizontal force pounds ("HFP"). (T. 1272.) She further opined Plaintiff could occasionally perform gross coordination; fine coordination; simple grasping; firm grasping; and pinching. (*Id*.) She opined Plaintiff could constantly reach forward and above the shoulder. (*Id*.) Ms. Iraci conducted upper extremity range of motion and strength testing, all of which was within normal limits ("WNL"). (T. 1274.)

Contrary to Plaintiff's assertion, the ALJ did not "reject" all of the opinion evidence in the record.  The ALJ afforded Dr. Liu's opinion "partial weight" and his opinion is consistent with the ALJ's RFC determination.  Moderate limitations in reaching and other postural limitations, such as those opined by Dr. Liu, are generally considered consistent with the demands of light work.  *See Amons v. Astrue*, 617 F. Supp. 2d 173, 176 (W.D.N.Y. 2009) (RFC for light work with occasional fingering and reaching supported by medical opinion plaintiff had moderate limitations in walking, standing, squatting, climbing and reaching and moderate to marked limitations in fine hand motor work and frequent repetitive motion); *see also Henderson v. Saul*, 788 F. App'x 86, 87 (2d Cir. 2019) (mild to moderate limitations for prolonged walking consistent with light work); *see also White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (consultative examiner's opinion of "moderate limitations" in standing, sitting, and performing other activities supported RFC for light work); *see also Grega v. Berryhill*, No. 17-CV-6596, 2019 WL 2610793, at *10 (W.D.N.Y. June 26, 2019) *aff'd sub nom. Grega v. Saul*, 816 F. App'x 580 (2d Cir. 2020) (light work not inconsistent with moderate exertional limitations).

Further, the ALJ's RFC is consistent with the portions of Ms. Iraci's opinion he determined were supported by the record.  (T. 21.)  The ALJ adopted Ms. Iraci's limitations of occasional postural and manipulative abilities.  (*Id*.)  However, the ALJ determined her opinion that Plaintiff could perform sedentary work was not supported by evidence in the record demonstrating Plaintiff had a normal gait and no issues with her lower extremities.  (*Id*.)

In formulating the RFC, the ALJ also relied on treatment notations and other evidence in the record.  The ALJ noted physical examinations conducted by primary care provider Deirdre Bastible, M.D.  (T. 20.)  Dr. Bastible noted Plaintiff could not extend the third, fourth and fifth digit of her right hand, had pain with palpation around her elbow and down forearm, and decreased right hand strength, inability to flex right wrist, and limited sensation and difficulty grasping items.  (*Id*.)  The ALJ also considered treatment records indicating Plaintiff underwent three elbow surgeries.  (*Id*.)

Lastly, the ALJ considered treatment records from pain management specialist Romanth Waghmarae, M.D.  (T. 20.)  Indeed, Plaintiff reported to Dr. Waghmarae she was not involved in physical therapy, chiropractic care, massage therapy, acupuncture, nor was she active in a home exercise program.  (T. 529.)  She reported she was independent and was able to use her arm more when she took her medication.  (*Id*.)  In addition, the ALJ relied on Plaintiff's testimony regarding her activities.  The ALJ considered Plaintiff's ability to care for a sick parent, care for her personal hygiene, bath, dress, cook, clean, do laundry and shop.  (T. 20.)  Overall, the ALJ concluded the evidence in the record supported greater capabilities than alleged by Plaintiff and supported his RFC findings.  (*Id*.)

Here, substantial evidence supported the ALJ's RFC determination containing limitations due to Plaintiff's right upper extremity impairments.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff argues it is unclear how the ALJ arrived at his

RFC concerning "right elbow and hand impairments." (Dkt. No. 7 at 19.) However, Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). As outlined above, the ALJ relied on the record as a whole, including Dr. Liu's medical opinion, the FCE results provided by Ms. Iraci, treatment records, and Plaintiff's activities.

Plaintiff subsequently argues the ALJ was required to further develop the record by either contacting Plaintiff's treating sources for an opinion or ordering an additional consultative opinion. (Dkt. No. 7 at 23.) As outlined above, the record contained adequate evidence for the ALJ to reach a decision, and substantial evidence supported the ALJ's finding; therefore, the ALJ was not required to further develop the record. *See Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) ("The ALJ is not required to develop the record any further when the evidence already presented is 'adequate for [the ALJ] to make a determination as to disability.'") (quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)).

Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (the Court must defer to the ALJ's finding if supported by substantial evidence and legally proper, "even if it might justifiably have reached a different result"). As the Supreme Court stated,

"whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 8, 2021

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge